IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| RAFAEL OLIVENCIA, et al | * | |
| Plaintiffs | * | |
| v. | * | Civil No. 05-2084(SEC) |
| CARNIVAL CORPORATION | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion for change of venue (Docket # 27) and Defendant's opposition thereto (Docket # 26). Having reviewed the parties' filings and the applicable law Plaintiffs' motion will be **DENIED.**

**Factual and procedural background:**

Plaintiffs in this case filed suit against Defendant Carnival Corporation (hereinafter Carnival) for damages suffered due to an alleged food poisoning suffered by Plaintiffs aboard one of Carnival's cruises. Upon motion to dismiss filed by Carnival, this Court dismissed the instant complaint without prejudice, concluding that the forum selection clause included in Carnival's passenger tickets, which selected the District of Miami as the proper venue to bring this and any other actions against Carnival, barred Plaintiffs from suing in this district. The Court further stated that Plaintiffs could re-file their complaint in the proper district, i.e. Miami. Plaintiffs now move for the Court to reconsider its August 7 judgment and permit Plaintiffs to transfer this case to the District of Miami, rather than re-filing their complaint as stated by the Court in its Opinion and Order.

**Standard of Review and Applicable Law and Analysis:**

Under FED. R. CIV. P. 59(e), a party may ask the court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colón v. Fraticelli, 181 F. Supp. 2d 48, 50 (D.P.R. 2002) (citing, Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). As such, Rule 59(e) "is aimed at reconsideration, [and] not initial consideration, and thus is not a proper mechanism to

advance arguments that should have been presented before judgment was entered, but were not." Berríos-Berríos v. Puerto Rico, 205 F. Supp. 2d 1, 2 (D.P.R. 2002)(hereinafter Berríos)(citing, Jorge Rivera-Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)).

Furthermore, a judgment may also be set aside through FED. R. CIV. P. 60(b) if certain requirements are met. FED. R. CIV. P. 60(b) §§ 1-5, allows the party against which judgment was entered to ask the Court to amend said judgment if certain circumstances are present. For example, a judgment may be set aside if there was excusable neglect, mistake, or fraud. The rule also permits setting aside the judgment if it is void, there is newly discovered evidence or it has been satisfied or released. Plaintiffs do not state in their motion, let alone argue, under what subsection of Rule 60(b) the relief sought by them is proper. Although FED. R CIV. P. 60(b)(6) provides a catchall provision under which the Court may entertain Plaintiffs' motion, relief under said rule is reserved for "exceptional circumstances". Paul Revere Variable Annuity Inc. Co. v. Zang, 248 F. 3d 1, 5 (D. Mass. 2001)(hereinafter Revere). On Revere the First Circuit held that the "bar for such relief is set high because... there must be an end to litigation someday." Id. Furthermore, "the [d]istrict courts have 'broad discretion' to determine whether such circumstances exist." Id.

**Applicable Law and Analysis**:

On August 7, 2006, upon Defendant's motion to dismiss, the Court dismissed this case without prejudice, following the First Circuit's holding in Silva v. Encyclopedia Británica, Inc., 239 F. 385 (1st Cir. 2001)(hereinafter Silva). According to Silva, a motion premised on a forum selection clause is construed "as one alleging failure to state a claim for which relief can be granted under FED. R. CIV. P. 12 (b)(6)." Id. at 387. This motion calls for a judgment on the merits. See, id., at 389 (citing, Bell v. Hood, 327 U.S. 678, 682 (holding that failure to state a cause of action calls for a judgment on the merits and not for dismissal for want of jurisdiction)). Consistent with Silva, on that same date, the Court entered

**Civil No. 05-2084(SEC)**                                                                 3

judgment dismissing Plaintiffs' complaint without prejudice.

On August 22, 2006, Plaintiffs moved for reconsideration of the Court's August 7 Opinion and Order, and asked that the Court transfer the case to the District Court of Miami instead of dismissing the case. Plaintiffs' motion does not argue that the Court's Opinion and Order contains a material error of law. It does not argue that the Court erred in finding that said forum selection clause was mandatory or that it barred Plaintiffs from filing suit in the District of Puerto Rico. Plaintiffs' motion just makes a bare argument that transfer, rather than dismissal, is proper. Furthermore, the kind of material error that would warrant a reconsideration of the Court's opinion is not present in this case. The Court's August 7 ruling was based in the First Circuit's decision in Silva which held that dismissal under FED. R. CIV. P. 12(b)(6) was proper when there was a mandatory forum selection clause that barred a party to the contract from bringing forth an action under said contract in a forum different than that stipulated by the parties. See, Silva 239 F. 3d at 389. Furthermore, Plaintiffs do not bring forth newly discovered evidence that would make reconsideration of the Court's August 7 Opinion and Order appropriate.

Finally, Plaintiffs' argument that this case should be transferred instead of dismissed was not raised in their opposition to Defendant's motion to dismiss, see, Docket # 8, nor in their sur-reply, see, Docket # 17. It is well-settled law that a motion for reconsideration "'is aimed at **re** consideration, and not initial consideration', and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not." Berríos, 205 F. Supp. 2d at 2 (emphasis in the original).

Plaintiffs' motion is also grounded on FED. R. CIV. P. 60. As explained above, relief under this rule is left for extraordinary circumstances giving the countervailing interest in the finality of judgments. See, Revere, 248 F. 3d at 5. Plaintiffs have not argued that there are extraordinary circumstances present in this case that would warrant the Court's setting aside

the August 7 judgment.

**Conclusion:**

For the reasons set forth above, Plaintiffs' motion to change venue is hereby **DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico, January 30th, 2007.

S/ *Salvador E. Casellas*

SALVADOR E. CASELLAS

U.S. Senior District Judge